UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE NUT COMPANY, a California corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CIB INTERNATIONAL TRADING, INC., a Canadian corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. 2:13-cv-01660-GEB-EFB<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

        The August 12, 2013 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on December 9, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 12, 2013 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than December 9, 2013, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault,

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 12, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed fourteen (14) days prior to the status conference in which Plaintiff is required to explain the status of the default proceedings.

IT IS SO ORDERED.

Dated:  December 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).