UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE NUT COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIB INTERNATIONAL TRADING, INC., a Canadian corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | No. 2:13-cv-1660-GEB-EFB<br><br><u>ORDER</u> |

On November 18, 2013, plaintiff, Golden Gate Nut Company, filed a motion for entry of default judgment against defendant, CIB International Trading, Inc. ("CIB").[1] Plaintiff noticed the motion for hearing on January 8, 2014. As explained below, the motion for default judgment is deficient. Accordingly, the motion is denied without prejudice and the January 8, 2014 hearing vacated.

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff's application for default judgment amounts to little more than a statement informing the court that defendant is in default and that plaintiff seeks default judgment against defendant pursuant to Local Rule 230 and Federal Rule of Civil Procedure 55(b).[2] The motion does not address the *Eitel* factors or otherwise explain why default judgment is appropriate in this case. *See* ECF No. 12 at 1-2. The affidavit of Stacy Henderson, plaintiff's counsel, which was submitted with the motion, is also devoid of any discussion concerning the standard for entering default judgment. *See id.* at 3-4.

There are other troubling deficiencies. Plaintiff seeks to recover prejudgment interest at a rate of 10 percent per annum, but fails to provide any explanation as to how it arrived at this interest rate. *See* ECF No. 12 at 3-4. Plaintiff also requests $3,097.50 in attorney's fees, but does not explain how the requested attorney's fees were calculated. *Id*. at 4. This court's local rules require a party seeking an award of attorney's fees to submit an affidavit addressing certain criteria that the court will consider in determining whether an award of attorney's fees is appropriate. *See* E.D. Cal. L. R. 293(b) and (c). Plaintiff's affidavit does not address the criteria delineated in this court's local rules.

/////

---

[2] The two paragraph motion also states that plaintiff is seeking damages, prejudgment interest, costs, and attorney's fees. ECF No. 12.

Furthermore, this case involves a defendant that is a Canadian corporation. Plaintiff's counsel's affidavit concludes that defendant was properly served pursuant to Federal Rule of Civil Procedure 4(f), but does not identify the applicable requirements for serving process on a foreign defendant nor show how those requirements were met. *See* ECF No. 12 at 3. Prior to the entry of a default judgment, plaintiff must establish that the defendant has been properly served. The conclusory statement in counsel's affidavit does not do that.

Due to these deficiencies, plaintiff's application for default judgment is denied without prejudice. Plaintiff may renew the motion. In doing so, plaintiff must cure the deficiencies identified above.

Accordingly, it is hereby ORDERED that:

1. The January 8, 2014 hearing on plaintiff's motion for entry of default judgment is vacated; and

2. Plaintiff's motion for entry of default judgment, ECF No. 12, is denied without prejudice.

Dated: January 6, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE