1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GOLDEN GATE NUT COMPANY, a            No.  2:13-cv-1660-GEB-EFB
     California corporation,
12
                    Plaintiff,
13                                          FINDINGS AND RECOMMENDATIONS

14         v.

15   CIB INTERNATIONAL TRADING, INC.,
     a Canadian corporation,
16
                    Defendant.
17

18         Before the court is plaintiff Golden Gate Nut Company's motion for entry of default

19   judgment against defendant CIB International Trading, Inc.[1]  ECF No. 18.[2]  For the reasons stated

20   below, plaintiff's motion must be granted in part.

21      I.    Background

22         According to the complaint, plaintiff is a California corporation with its principal place of

23   business located in Ripon, San Joaquin County, California.  Complaint, ECF No. 1 ¶ 1.

24   /////

25   _____

26         [1] This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

27
           [2] The court determined that oral argument would not be of material assistance and
28   therefore vacated the hearing on the motion for default judgment.  *See* E.D. Cal. L.R. 230(g).

Defendant is a Canadian corporation with its principal place of business located in Quebec, Canada. *Id*. ¶ 2. Between May 2013 and June 2013, defendant contracted to purchase from plaintiff 80,000 pounds of "Blanched Regular Sliced Almonds," at $3.25 per pound, for a total purchase price of $260.000. *Id*. ¶ 6. Pursuant to the agreement, plaintiff delivered to defendant 40,000 pounds of almonds on May 27, 2013, and another 40,000 pounds of almonds on June 5, 2013. *Id.* at Exs. D, E. Plaintiff fully performed all conditions required under the contract, including timely delivering the almonds and providing defendant with documentation for each shipment. *Id*. ¶ 9, Exs. D, E. Invoices provide that defendant was required to provide payment to plaintiff within 30 days of the ship date. *Id*. ¶ 11, Exs. D, E. However, despite plaintiff's repeated demands for payment, defendant refuses to pay the amount owed under the contract. *Id*. ¶ 12.

On August 9, 2013, plaintiff initiated this action. ECF No. 1. The complaint contains four causes of action: (1) breach of contract; (2) goods had and received; (3) unjust enrichment; and (4) open book account (Cal. Civ. Proc. Code § 337a). *Id*. at 3-6. Plaintiff seeks to recover $260,000 for the amount due for the purchase of the almonds, prejudgment interest from the date payment was due, and reasonable costs and attorneys' fees. *Id*. at 3-6.

II.    <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action, (5) the possibility of a

> dispute concerning the material facts, (6) whether the default was
> due to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *Tele Video Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III.    <u>Discussion</u>

A.    <u>Appropriateness of the Entry of A Default Judgment Under the *Eitel* Factors</u>

1.    <u>Factor One: Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  *See PepsiCo, Inc*., 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court does not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without another recourse for recovery.  Accordingly, the first *Eitel* factor favors the entry of a default judgment.

/////

/////

3

1          2.   Factors Two and Three: The Merits of Plaintiff's Substantive Claims and

2                Sufficiency of the Complaint

3          The court considers the merits of plaintiff's substantive claims and the sufficiency his

4   allegations in the complaint together because of the relatedness of the two inquiries.  The court

5   must consider whether the allegations in the complaint are sufficient to state a claim that supports

6   the relief sought.  *See Danning,* 572 F.2d at 1388; *PepsiCo*, *Inc*., 238 F. Supp. 2d at 1175.

7          a)   Breach of Contract

8          Plaintiff's first cause of action is a state law breach of contract claim against defendant for

9   defendant's failure to pay.  To establish a breach of contract claim, plaintiff must demonstrate

10  (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) the

11  defendants' breach, and (4) damage to plaintiff.  *Amelco Elec. v. City of Thousand Oaks*, 27

12  Cal.4th 228, 243, (2002) (citing 4 Witkin, *Cal. Procedure* (4th ed. 1997) Pleading, § 476, p. 570).

13         The complaint alleges that plaintiff entered into a contract to sell $80,000 pounds of

14  almonds to defendant at a price of $3.25 per pound, for a total of $260,000.  ECF No. 1 ¶ 6.

15  Plaintiff performed under the contract by delivering the almonds to defendant.  *Id*. ¶ 14.

16  Defendant breached the contract by failing to pay plaintiff for the delivered almonds,

17  notwithstanding plaintiff's repeated demands for payment.  *Id*. ¶ 12, 15.  As a result of

18  defendant's breach, plaintiff incurred damages in the amount of $260,000, plus costs and

19  attorneys' fees.  *Id*. ¶ 17.  These allegations are sufficient to support plaintiff's claim that

20  defendant breached the parties' contract.  Accordingly, these two factors favor an entry of default

21  judgment on plaintiff's first cause of action.

22         b)   Goods Had and Received

23         Plaintiff's second claim is a common count for goods had and received.  "The essential

24  elements of an action for goods had and received are (1) a statement of indebtedness of a certain

25  sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt."  *First

26  Interstate Bank v. State of California*, 197 Cal.App.3d 627, 635, (1987).

27         As discussed with plaintiff's breach of contract claim, the complaint alleges that defendant

28  is indebted to plaintiff in the amount of $260,000 for 80,000 pounds of almonds plaintiff

4

1   delivered to defendant.  ECF No. ¶ 6.  It is also alleged that defendant has not repaid the debt

2   notwithstanding plaintiff's demands.  *Id*. ¶ 12, 15.  Accordingly, the merits of plaintiff's claim

3   based on the sufficiency of the allegations in the complaint favor entry of default judgment.

4               c)   <u>Money Due on an Open Book Account (Cal. Civ. Proc. Code § 337a)</u>

5          Plaintiff's fourth claim pleads a common count for money due on an open book account.

6   An open book account is defined as "a detailed statement which constitutes the principal record of

7   one or more transactions between a debtor and a creditor."  *In re Roberts Farms, Inc*., 980 F.2d

8   1248, 1252 (9th Cir. 1981) (citing Cal. Civ. Proc. Code § 337a).  The detailed statement must be

9   kept "(1) in a bound book, or (2) on a sheet or sheets fastened to a book or to backing but

10  detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other

11  reasonably permanent form and manner."  Cal. Civ. Proc. Code § 337a.

12         The complaint alleges that on or around the date of each transaction, plaintiff forwarded to

13  defendant invoices for the transactions which detailed the amount owed by defendant for its

14  purchase.  ECF No. 1 at 3.  Plaintiff attached to its complaint two invoices, one from May 29,

15  2013, and another from June 5, 2013, each reflecting that defendant purchased from plaintiff

16  40,000 pounds of almonds at $3.25 for a total of $130,000 for each shipment.  *Id*. Exs. A, B.

17  Plaintiff claims no payment has been received.  *Id*. ¶ 12, 15.

18         The invoices submitted by plaintiff are detailed statements constituting a principal record.

19  *See In re Roberts Farms,* 980 F.2d at 1252-53 (holding that ledger card, time sheets, and billing

20  statements constituted detailed permanent records for purpose of California Code of Civil

21  Procedure § 337a); *Xerox Corp. v. A&M Printing*, No. CV 12-0043 MMM, 2013 WL 2180927

22  (C.D. Cal. May 20, 2013) (holding that invoices constitute a principal record held in a permanent

23  form).  Thus, plaintiff has alleged facts that support its claim that defendant owed it money on an

24  open book account, which it has refused to pay.  Accordingly the merits of plaintiff's claim as

25  gauged by the sufficiency of the allegations in the complaint favor entry of default judgment on

26  this claim.

27  /////

28  /////

5

1            d)  Unjust Enrichment

2            Under California law, unjust enrichment is a remedy, not an independent cause of action.

3    Unjust enrichment refers to a restitution remedy that must be connected to some underlying

4    wrong.  *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1306, 128 Cal.Rptr.3d 109, 118 (2011).

5    "Unjust enrichment is action in quasi-contract, which does not lie when an enforceable, binding

6    agreement exists defining the rights of the parties."  *Paracor Finance, Inc. v. General Elec.*

7    *Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  As discussed in relation to plaintiff's breach

8    of contract claim, the complaint sufficiently alleges the existence of an enforceable binding

9    agreement between the parties.  Accordingly, plaintiff is not entitled to default judgment on its

10   unjust enrichment claim.

11           3.  Factor Four: The Sum of Money at Stake in the Action

12           Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at

13   stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at

14   1177; *see also Philip Morris USA, Inc. v. Castworld Prods.*, Inc., 219 F.R.D. 494, 500 (C.D. Cal.

15   2003).  Here, plaintiff seeks damages of $260,000 totaling defendant's outstanding debt, plus

16   prejudgment interest, and reasonable costs including attorney's fees.  ECF No. 1 at 6.  Here, the

17   amount sought is significant and this factor arguably weighs against entry of default judgment.

18   However, "[b]ecause [defendant] failed to defend their interest despite having received statutory

19   notice of these proceedings, the amount at issue does not preclude entry of default judgment."

20   *United States v. Wilson*, 2014 WL 1841309, at *3 (E.D. Cal. May 8, 2014).

21           4.  Factor Five: The Possibility of a Dispute Concerning Material Facts

22           The facts here are relatively straightforward and plaintiff has provided the court with well-

23   pleaded allegations supporting each cause of action.  The court may assume the truth of well-

24   pleaded facts in the complaint (except as to damages) following the clerk's entry of default and,

25   thus, there is no likelihood that any genuine issue of material fact exists.  *See*, *e.g.*, *Elektra Entm't*

26   *Group Inc. v. Crawford*, 266 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a

27   well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no

28   likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219

6

1   F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Defendant's failure to file an answer or

2   appear in the case also leads the court to the conclusion that the chance for a material factual

3   dispute is remote.

4                    5.   Factor Six: Whether the Default Was Due to Excusable Neglect

5          The record before the court demonstrates that the default was not the result of excusable

6   neglect.  *See PepsiCo, Inc*., 238 F. Supp. 2d at 1177.  The record reflects that plaintiff properly

7   served defendant with process.  Defendant is a Canadian corporation and therefore must be served

8   in accordance with Federal Rule of Civil Procedure 4(h)(2), which states that a foreign

9   corporation not within any judicial district of the United States must be served ". . . in any manner

10  prescribed by Rule 4(f) for serving an individual. . . ."  Fed. R. Civ. P. 4(h)(2).  Under Federal

11  Rule of Civil Procedure 4(f), serving an individual in a foreign country may be effected "by any

12  internationally agreed means of service that is reasonably calculated to give notice, such as those

13  authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

14  Documents."  Fed. R. Civ. P. 4(f)(1).

15         The Hague Convention requires member states to establish a central authority to receive

16  requests for service from other countries.  *Volkswagenwerk Arkiengesellschaft v. Schlunk*, 486

17  U.S. 694, 698.  Upon receipt of a request for service, the central authority must execute service

18  pursuant to the state's internal law, or in a manner requested by the applicant so long as such

19  method is compatible with the country's law.  *Id*. at 699.  The central authority is then required to

20  provide the applicant with a certificate of service.  *Id*.

21         On August 15, 2013, plaintiff submitted a Request for Service Abroad of Judicial or

22  Extrajudicial Documents, together with copies of the summons and complaint, to the Canadian

23  Central Authority for Quebec.  Affidavit of Kay Knopaske ISO Mot. for Default J., ECF No. 18-4

24  ¶¶ 5, 7, Ex. C.  On October 3, 2013, the Central Authority for Quebec provided plaintiff with a

25  completed certificate of service, indicating the defendant was served on September 20, 2013.  *Id*.

26  Ex. D.  Accordingly, defendant was properly served pursuant to Federal Rule of Civil Procedure

27  4(f)(1).

28  /////

Furthermore, there is evidence before the court that defendant's decision to not defend this action was intentional.  In her affidavit submitted in support of the instant motion for default judgment, plaintiff's attorney Stacy Henderson states that on December 9, 2013, she received a call from defendant's representative, David Dado, in response to an email request to meet and confer.  ECF No. 18-3 ¶¶ 3, 4.  During the conversation, Mr. Dado indicated that defendant did not plan to participate in the instant case because it did not have any money to pay the amount owed to plaintiff.  *Id*. ¶ 5.  Assuming the accuracy of that account of the conversation as described in the affidavit, defendant's default appears to be deliberate.

6.  Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).  Although the court is cognizant of the policy in favor of decisions on the merits that policy does not, by itself, preclude the entry of a default judgment.

Application of the *Eitel* factors here, on balance, favors granting plaintiff's motions for default judgment.  The court must therefore determine what amount of damages should be included in the judgment.

B.  Damages

Plaintiff seeks damages in the amount of the value of the unpaid almonds, plus prejudgment interest, and costs and attorneys' fees.  In support of this request, plaintiff submits with its motion the affidavit of Terry Wells-Brown, the Vice President of Operations for plaintiff. ECF No. 18-1.  Mr. Wells-Brown states plaintiff contracted with defendant for the sale of 80,000 pounds of almonds for $260,000, to be paid within 30 days of delivery.  *Id*. ¶¶ 3, 7.  Although plaintiff delivered the almonds to defendant, defendant never paid for the almonds.  *Id*. ¶ 8.  Mr. Wells-Brown's representations are corroborated by invoices and delivery documents appended to

8

1   the complaint, which reflect that defendant owed plaintiff $260,000 for the delivery of 80,000

2   pounds of almonds.  This evidence is sufficient to support plaintiff's request for damages in the

3   amount of $260,000.

4          Plaintiff also seeks prejudgment interest from the date payment was due under the

5   contracts.  California Civil Code § 3287(a) provides that "[a] person who is entitled to recover

6   damages certain, or capable of being made certain by calculation, and the right to recover which

7   is vested in the person upon a particular day, is entitled also to recover interest thereon from that

8   day . . . ."  Pursuant to California Civil Code § 3289(b) "[i]f a contract entered into after January

9   1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10

10  percent per annum after a breach."  Cal. Civ. Code § 3289(b).  Here, the damages from

11  defendant's breach are capable of being made certain, and the record reflects that the parties did

12  not stipulate in their contract to a legal rate of interest.  Accordingly, plaintiff is entitled to

13  recover interest from the date payment was due.  Plaintiff delivered 40,000 pounds of almonds on

14  May 27, 2013, and another 40,000 pounds of almonds on June 5, 2013.  ECF No. 18-2 ¶ 5.

15  Therefore, per the parties' agreement, payments for these shipments were due on June 28, 2013,

16  and July 5, 2013 respectively.  *Id.* ¶ 7; ECF No. 1, Exs. A, B.  Accordingly, plaintiff is entitled to

17  pre-judgment interest at a rate of 10% per annum commencing June 28, 2013 for $130,000.00 and

18  July 5, 2013 for the remaining $130,000.00.

19                C.  Costs and Attorneys' Fees

20         Plaintiff also requests attorney's fees and costs in an unspecified amount listed under the

21  prayer for relief.  ECF No. 1 at 6 at ¶ 2.  Local Rules 292 and 293 provide that motions for

22  awards of attorney's fees and costs shall be filed not later than 28 days after the entry of final

23  judgment.  *See* E.D. Cal. L. R. 292, 293.  Rule 293 further requires a party seeking an award of

24  attorney's fees to submit an affidavit addressing certain criteria that the court will consider in

25  determining whether an award of attorney's fees is appropriate.  *See* E.D. Cal. L. R. 293(b) and

26  (c).  The local rules also provide that "[w]ithin fourteen (14) days after entry of judgment or order

27  under which costs may be claimed, the prevailing party may serve on all other parties and file a

28  bill of costs conforming to 28 U.S.C. § 1924."  E.D. Cal. L. R. 292.  Pursuant to 28 U.S.C.

§ 1924, a party claiming any item of cost must submit a bill of costs and attach thereto an

affidavit demonstrating that the "item is correct and has been necessarily incurred in the case

. . . ."

Plaintiff has not submitted an affidavit addressing the criteria listed in Local Rule 293.

Plaintiff has also failed to submit a bill of cost conforming to 28 U.S.C. § 1924.  *See* E.D. Cal.

Local Rule 292.  Accordingly, plaintiff's requests for attorney's fees and costs shall be addressed

in an appropriate motion filed in conformance with Local Rules 292 and 293.

IV.    Conclusion

For the reasons stated above, it is hereby RECOMMENDED that:

1.  Plaintiff's application for default judgment, ECF No. 18, be GRANTED except as to
   its claim for unjust enrichment;

2.  The court enter judgment against defendant in the amount of $260,000, plus
   prejudgment interest at the rate of 10% per annum commencing June 28, 2013 for
   $130,000.00 and July 5, 2013 for the remaining $130,000.00;

3.  Plaintiff's request for costs and attorney's fees be denied without prejudice to a motion
   brought under Local Rules 292 and 293.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  Failure to file

objections within the specified time may waive the right to appeal the District Court's order.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

Cir. 1991).

DATED:  August 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE